**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Jackson J. Tennant,
Claimant Below, Petitioner

**v.)**     **No. 24-294**  (JCN: 2023011952)
                      (ICA No. 23-ICA-407)

ACNR Resources, Inc.,
Employer Below, Respondent

**MEMORANDUM DECISION**

Petitioner Jackson J. Tennant appeals the March 25, 2024, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Tennant v. ACNR Resources, Inc.*, No. 23-ICA-407, 2024 WL 1281193 (W. Va. Ct. App. Mar. 25, 2024) (memorandum decision). Respondent ACNR Resources, Inc. filed a response.[1] The issue on appeal is whether the ICA erred in affirming the August 15, 2023, decision of the West Virginia Workers' Compensation Board of Review, which affirmed separate orders entered by the claim administrator in January 2023. In its orders, the claim administrator (1) denied the compensability of the claim, finding that an injury did not occur in November 2022, and (2) denying authorization for physical therapy and an orthopedic referral, finding that the claim had been rejected. In *Tennant*, the ICA found that the Board of Review did not clearly err in determining that the claimant, who had a prior right shoulder injury from 2019, did not sustain a discrete new injury in November 2022. *Id.* at *3.

The claimant argues that Joshua Sykes, M.D., incorrectly identified the claimant's current symptoms as an exacerbation of his prior injury. Rachel Clemens, N.P., from MedExpress also examined the claimant, and her opinion contradicts Dr. Sykes's opinion. The claimant argues that Ms. Clemens specifically described the claimant's injury and found that his symptoms and limitations were the result of a work injury occurring in November 2022. The employer counters by arguing that it is impossible to know whether the claimant informed Ms. Clemens of either his previous right shoulder injury or his continuing symptoms from that injury. The employer argues that Dr. Sykes, having treated the claimant for the prior injury and having performed the claimant's rotator cuff repair in 2019, was in a better position than Ms. Clemens to determine whether the claimant's current right shoulder complaints constitute a chronic problem following the 2019 rotator cuff repair instead of a new injury. Therefore, the employer argues that the ICA properly

---

[1] The claimant is represented by counsel J. Thomas Greene Jr and T. Colin Greene, and the employer is represented by counsel Aimee M. Stern.

affirmed the Board of Review's affirmation of the denial of compensability and the denials of authorization for physical therapy and an orthopedic referral.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: March 19, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV